UNITED STATES DISTRICT COURT
for the
Southern District of Florida

RODNEY LAHTI,

    Plaintiff,                        Case No.: 15-cv-81719-Middlebooks/Brannon

v.

DEALS ON WHEELS OF THE PALM BEACH, INC;
and JEFFREY L. SHUMAN,

    Defendants.
_____,

## JOINT MOTION APPROVING SETTLEMENT AND DISMISSAL THE CASE

The Parities by their respective counsel files this their Motion Approving Settlement and Dismissal of Case confirming the settlement of this lawsuit and request for dismissal; and say as follows:

1.     The Parties entered into a confidential Settlement Agreement and Release on May 31, 2016. A copy of which is attached hereto.

2.     That all matters between the Parties have been resolved subject to the Court's approval.

3.     That upon the Court's approval, the Parties request that the above entitled cause be dismissed with prejudice based on the settlement subject to Court retaining jurisdiction to enforce the Settlement Agreement upon which the above described Stipulation of Dismissal of all claims predicated.

**WHEREFORE**, the Parties, file this their Joint Motion Approving Settlement and Dismissal of the Case

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail to **Brian H. Pollock, Esquire**, FairLaw Firm, 8603 S. Dixie Hwy., Suite 408, Miami, FL 33143; email: Brian@fairlawattoreny.com on this 3rd day of June, 2016.

> BRUCE W. PARRISH, JR., P.A.
> 1870 Forest Hill Blvd., Suite 203
> West Palm Beach, FL 33406
> Telephone: 561-642-0591
> Facsimile: 561-642-0927
> Email: Bruceparrish1@Bellsouth.net
> Attorney for Defendants
>
> _____
> BRUCE W. PARRISH, JR., ESQUIRE
> Florida Bar No.: 125646

# CONFIDENTIAL
# SETTLEMENT AGREEEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into on this 31st day of May, 2016, by and between Rodney Lahti (hereinafter "Plaintiff") and Deals on Wheels of the Palm Beaches, Inc. and Jeffrey L. Shuman, and their officers, directors, insurers, and agents (hereinafter "the Employers"); who are collectively referred to as "the Parties".

**Whereas**, Plaintiff filed a lawsuit in the District Court for the Southern District of Florida to recover his outstanding and unpaid/underpaid overtime wages, penalties, attorneys' fees and costs from the Employers pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*, and Florida law in *Rodney Lahti v. Deals on Wheels of the Palm Beaches, Inc. and Jeffrey L. Shuman*, presently pending in the Southern District of Florida with Case No.: 15-CV-81719-BRANNON ("the Lawsuit").

**Whereas,** to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and any and all claims for unpaid/underpaid wages that could have been brought in the Lawsuit. By entering into this Agreement, the Employers do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or Florida law, and expressly deny any and all such liability.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to resolve Plaintiff's claims for unpaid/underpaid wages, penalties, attorneys' fees and costs by the Employers' payment of the gross amount of TWELVE THOSAND DOLLARS $12,000.00 payable over 18 months. This $12,000.00 is comprised of $3,500.00 to Mr. Lahti, with the balance of $8,500.00 representing the attorneys' fees ($7,998.65.) and costs ($501.35). Employers shall make 17 consecutive monthly payments of $700.00 due on the first of each month, followed by 1 payment of $100.00 for the payment due on the 18th month, with the first payment due to be received at FairLaw Firm no later than July 1, 2016, and payable to the "FairLaw Firm Trust Account" at 8603 S. Dixie Highway, Suite 408, Miami, FL 33143. If Employers, after receipt of email notice to their counsel of any default in payment under the Agreement, fail to cure the default within 5 days, then Plaintiff shall be entitled to apply to the Court for a Default Final Judgment against Employers for $22,000, minus all payments made. Plaintiff's counsel shall disburse the settlement proceeds received each month from his Trust Account on a pro rata basis. If necessary, Defendants shall draft the proposed Motion to Approve and Order Approving in a form acceptable to Plaintiff's counsel.

The Parties generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Plaintiff or Employers ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Employers undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Plaintiff's employment with Employers and separation of employment with Employers pursuant to any federal, state, or local employment laws, regulations, ordinances, or

executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

Plaintiff and Employers agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are STRICTLY CONFIDENTIAL. Plaintiff and Employers further agree that they and their attorneys, spouse and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. Plaintiff and Employers expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet or to individuals that Plaintiff or Employers know or have reason to know are past or present employees, contractors, customers and vendors of the Employers.

Upon inquiry, Employers shall provide a neutral employment reference and verify Plaintiff's dates of employment and rate(s) of pay, but without reference to any demand letter, his claim(s) asserted therein, or the resolution of his claims. The parties shall not make any disparaging statements about one another.

Notwithstanding the forgoing, Plaintiff and Employers may disclose this Agreement on the following conditions: (i) Plaintiff may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Employers; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Plaintiff may testify or provide information regarding this Agreement or may produce the Agreement

The Parties acknowledge that each had the opportunity to have this document reviewed by counsel, that each had his/her/its counsel review and if necessary revise the agreement, and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. This Agreement may not be changed except in writing and signed by all of the Parties.

The parties agree that the substantive law of the State of Florida governs this Agreement, and that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the litigation. If the Court invalidates any provision of this Agreement, then all remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively rely.

Employers represent and warrants that the person signing this Agreement has the authority to act on behalf of Employers and to bind Employers and all who may claim through Employers to the terms and conditions of this Agreement represents and warrants that he has the capacity to act on her own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. Plaintiff and Employers each warrants and

represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employers, which is/are expressly denied.

Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

This Agreement is expressly contingent on the payment and clearance of all settlement funds.

This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

Employers understand that although Plaintiff's counsel prepared this Agreement, Employers were advised of and had the opportunity to review this Agreement with their counsel, they were not provided with any legal advice by Plaintiff's counsel prior to signing, that they understood this agreement before signing it.

Plaintiff represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date first set forth above, willingly, and freely.

*Rodney Lahti*

By: _____
   *Rodney Lahti*

*Deals on Wheels of the Palm Beaches, Inc.*

By: _____ VP
As Its Authorized Agent
Print name: Jeffrey Shuman VP

*Jeffrey L. Shuman*

By: _____
   Jeffrey L. Shuman